UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                                                13-cr-230 (PKC)

       -against-                                                       ORDER

ANTHONY WALLS,

              Defendant.

-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant Anthony Walls moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The motion seeks the reduction of his 151-month sentence to time served, to be followed by supervised release with a period of home confinement.  The motion asserts that Walls suffers from chronic asthma, Type 2 diabetes and high blood pressure.  However, Walls tested positive for Covid-19 in August 2020, suffered mild symptoms, and recovered; reinfection is possible but occurrences are considered rare.  Walls also urges that he is at low risk of recidivism.

        For the reasons that will be explained, the Court concludes that Walls has not demonstrated extraordinary and compelling circumstances that warrant a reduction of his sentence.  The motion will therefore be denied.

        Section 3582(c)(1)(A) of title 18 provides that "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances

warrant such a reduction." 18 U.S.C.§ 3582(c)(1)(A)(i).  The Court has broad discretion and may consider all circumstances in combination and in isolation.  See United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020).  The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A); see also United States v. Roney, 833 Fed. App'x 850, 852 (2d Cir. 2020) ("Prior to reducing a defendant's term of imprisonment, however, a district court must consider the factors set forth in section 3553(a) to the extent that they are applicable.") (summary order; quotation marks omitted).

Through counsel, Walls submitted a request for early release to the U.S. Penitentiary at Beaumont ("USP Beaumont") on May 11, 2020.  (Docket # 34-1.)  Neither the facility's Warden nor any other official responded to the request, and the government does not dispute that Walls has exhausted his administrative remedies.  (Gov't Mem. at 3.)

Walls asserts that he suffers from serious medical conditions that heighten the risks associated with Covid-19, and annexes certain of his medical records.  (Def. Mem. at 6-9 & Ex. 2.)  Walls was born in November 1964 and is currently 56 years old.  (Def. Mem. Ex. 2.)  He has suffered from chronic asthma since age 26, has been hospitalized for asthma at least ten times, and relies on a prescription inhaler.  (Def. Mem. at 6 & Ex. 2.)  Blood pressure readings from August 2020 to October 2020 indicate that Walls falls within the CDC's definition of hypertension, including measurements of 157/87, 156/80 and 133/79.  (Def. Mem. Ex. 2.)  Walls also suffers from Type 2 diabetes.  (Def. Mem. at 7 & Ex. 2.)  According to a website maintained by the Centers for Disease Control ("CDC"), Type 2 diabetes mellitus is recognized as placing persons at increased risk of severe illness due to Covid-19.[1]  The same website lists moderate-to-

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#serious-heart-conditions

severe asthma and hypertension or high blood pressure as possibly placing persons at increased risk of severe illness.

A BOP website states that, as of March 8, 2021, 29 inmates and 5 staff members of USP Beaumont have confirmed cases of Covid-19.[2]  124 inmates and 25 staff members have recovered from Covid-19.  No inmates or staff members of USP Beaumont have died of Covid-19.

In August 2020, Walls tested positive for Covid-19, showed mild symptoms, and was placed in isolation.  (Def. Mem. at 1-2.)  In a letter addressed to the Court, Walls states that the experience "broke me down."  (Def. Mem. Ex. 3.)  His letter notes the difficulty of practicing social-distancing and his fear of re-infection.  (Id.)

The CDC has stated that "[c]ases of reinfection with COVID-19 have been reported, but remain rare," and advises persons who have been infected to maintain protective measures.[3]  The CDC also has stated that "[r]ecurrence of COVID-19 illness appears to be very uncommon, suggesting that the presence of antibodies could indicate at least short-term immunity to infection with SARS-CoV-2."[4]  At present, risk of reinfection is presently unquantifiable but occurrences are "rare."

The CDC also advises that "[w]hile most persons with COVID-19 recover and return to normal health, some patients can have symptoms that can last for weeks or even months after recovery from acute illness."[5]  Walls's application, and the medical records annexed to it, do not show that he is experiencing lasting symptoms or effects from contracting COVID-19, and the medical care he has received at USP Beaumont has not been shown to be inadequate.

---

[2] https://www.bop.gov/coronavirus/
[3] https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html
[4] https://www.cdc.gov/coronavirus/2019-ncov/lab/resources/antibody-tests-guidelines.html#anchor_1590264247573
[5] https://www.cdc.gov/coronavirus/2019-ncov/long-term-effects.html

The Court also considers the section 3553(a) factors, including the nature and circumstances of the offense, the defendant's history and characteristics, the seriousness of the offense, respect for the law, just punishment, deterrence, the need to protect the public, and the avoidance of unwarranted sentencing disparities. 18 U.S.C. § 3553(a). On October 21, 2013, Walls pleaded guilty to one count of armed robbery under the Hobbs Act in violation of 18 U.S.C. § 1951. The count charged him with the robbery of a 99 cent store in the Bronx on December 29, 2012. At the plea hearing, Walls stated that "he pulled out something that looked like a gun, but it wasn't real," and "robbed the cash register" of the store. (Docket # 13 at 14.) Walls was 48 years old at the time of his offense.

Under the advisory sentencing guidelines, Walls had a total offense level of 29, fell within criminal history category VI and had an advisory guidelines range of 151-188 months. As the Court noted at sentencing, Walls acknowledged to Probation that he robbed a total of three bodegas in the Bronx and one bodega in Manhattan, stealing approximately $600-700 in each incident in order to support his drug habit and "brandished an object, which appeared to be a firearm." (Sentencing Tr. at 9.) The Court stated that defendant had "a most difficult and troubling life," including substantial addiction and mental health problems and an extensive criminal history. (Id. at 9-10.) At sentencing, the Court noted that "[t]here is a need to protect the public from further crimes of this defendant. He is 49 years of age. During his adult life, it seems that he hasn't had more than two years where he hasn't been in prison." (Id. at 10.) The Presentence Report identified Walls's offense as his fourteenth known conviction, with four prior convictions for robbery in the first degree and two prior convictions for criminal possession of a loaded firearm in the third degree. The Court sentenced Walls principally to 151 months of imprisonment and three years of supervised release. (Id. at 11.)

A June 2019 report issued by the United States Sentencing Commission concluded that "[n]early 40 percent (39.3%) of firearms offenders released after the age of 50 recidivated, which is almost twice as high as the recidivism rate for non-firearms offenders (20.6%) released after age 50."[6]  As noted, Walls is currently age 56, and was age 48 when he committed the offense.

According to the Bureau of Prisons website, Walls has an anticipated release date of April 9, 2024.[7]  Walls was detained on consent after his initial presentment on March 4, 2013. As of March 2021, Walls has served approximately 74% of his term of incarceration.

In a letter to the Court, Walls states that he has worked in food services for nearly five years and has been attempting to improve his education.  (Def. Mem. Ex. 3.)  Walls states that he has strong support from family and friends, and that he believes he can conduct himself in a positive and product manner following release.  (Id.)

The Court has reviewed a letter in support from Darryl Williams, who volunteers at East Harlem community organizations and states that he has known Walls for approximately fifty years.  (Def. Mem. Ex. 4.)  Williams states that he will assist Walls in connecting him with programs organized for former offenders.  (Id.)  The Court also has reviewed a letter in support from a second friend, Odell Berkley, who states that he is willing to assist Walls in transitioning out of prison.  (Def. Mem. Ex. 5.)  A letter from Walls's sister, Toni Walls, states that their mother was unable to care for them as children and that they were raised by a grandmother who died when they were teenagers, leaving them without structure.  (Def. Mem. Ex. 6.)  Ms. Walls

---

[6] Recidivism Among Federal Firearms Offenders, United States Sentencing Commission, at 22 https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2019/20190627_Recidivism_Firearms.pdf (June 2019).
[7] https://www.bop.gov/inmateloc/

works as a logistics manager for a well-known Manhattan restaurant and states that she will provide the defendant with strong family support if he is released.  (Id.)

In reviewing this application, the Court has considered the underlying health conditions that place Walls at heightened risk of severe outcomes due to Covid-19, as well as CDC guidance suggesting that reinfection is "rare."  Walls's letter to the Court expresses a desire to lead a productive life and to re-enter society upon his release, and the Court credits those statements as sincere and made in good faith.  The Court also credits the letters from Walls's friends and sister about their willingness to assist in his transition from prison.

The Court also has considered the section 3553(a) factors, including the seriousness of the offense and the need to protect the public.  Walls's sentence reflected the seriousness of the offense, the need or deterrence and the need to protect the public, all of which were heightened given that Walls's criminal activities continued well into adulthood.  The section 3553(a) factors remain of significant concern as to this defendant.

Viewing all of the circumstances in combination and isolation, the Court concludes that Walls has not demonstrated extraordinary and compelling circumstances that warrant a reduction of his sentence.  The Clerk is directed to terminate the motion.  (Docket # 37.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 8, 2021